# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK NICHOLAS, | : | Civil No. 1:24-CV-01769 |
| Plaintiff, | : | |
| v. | : | |
| TAMMY GIOLA, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court is Patrick Nicholas' ("Plaintiff") amended complaint alleging that the State Correctional Institution Smithfield ("SCI-Smithfield") violated his Fourteenth Amendment rights. (Doc. 15.) Plaintiff is a self-represented litigant, and the court previously granted Plaintiff *in forma pauperis* status. (Doc. 13.) The court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismiss the amended complaint for failure to state a claim on which relief can be granted, and grant Plaintiff leave to file a second amended complaint.

### BACKGROUND

On October 10, 2024, the court received and docketed Plaintiff's complaint. (Doc. 2.) The complaint named three defendants: (1) Tammy Giola, MSN, RN, CHCA; (2) Dr. Prince, Doctor; and (3) SCI-Smithfield. (Doc. 2, pp. 3–4.)[1] On

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

1

October 18, 2024, Plaintiff filed a motion to amend the complaint. (Doc. 8.) The court granted Plaintiff's motion on December 4, 2024. (Doc. 13.) Plaintiff then filed the amended complaint on December 20, 2024. (Doc. 15.) The court will now screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Smithfield, located in Huntingdon County, Pennsylvania, which is in this district. *See* 28 U.S.C. § 118(b).

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an in forma pauperis case "at any time if the court determines that . . . the action . . . fails to 2 state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of

3

rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, it is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 25–27 (1997). Similarly, neither a prison nor a department within a prison is a person subject to suit under § 1983. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir, 1973). SCI-Smithfield is not a person within the meaning of 42 U.S.C. § 1983. Since SCI-Smithfield is the sole defendant named in the amended complaint, it will be dismissed for failure to state a claim on which relief can be granted.

## CONCLUSION

Even liberally construed, Plaintiff's amended complaint fails to state a claim on which relief may be granted. Consequently, his amended complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Third Circuit has found that a self-represented plaintiff may be granted leave to file an amended complaint even when he does not seek leave to amend. *Phillips*, 515 F.3d at 245. Therefore, Plaintiff will be given leave to file a second amended complaint properly identifying any and all defendants. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: January 27, 2025