IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK NICHOLAS, | : | Civil No. 1:24-CV-01769 |
| Plaintiff, | : | |
| v. | : | |
| TAMMY GIOLA, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court is Plaintiff Patrick Nicholas' second amended complaint alleging that the State Correctional Institution Smithfield ("SCI-Smithfield") violated his Fourteenth Amendment rights. (Doc. 23.) Plaintiff is a self-represented litigant, and the court previously granted Plaintiff *in forma pauperis* status. (Doc. 13.) The court will screen the second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismiss the second amended complaint for failure to state a claim on which relief can be granted, and close the case.

### BACKGROUND

On October 10, 2024, the court received and docketed Plaintiff's complaint. (Doc. 2.) The complaint named three defendants: (1) Tammy Gola, MSN, RN, CHCA; (2) Dr. Prince, Doctor; and (3) SCI-Smithfield. (Doc. 2, pp. 3–4.)[1] On October 18, 2024, Plaintiff filed a motion to amend the complaint. (Doc. 8.) The

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

1

court granted Plaintiff's motion on December 4, 2024. (Doc. 13.) Plaintiff then filed the amended complaint on December 20, 2024 naming SCI-Smithfield as the sole Defendant. (Doc. 15.) The court screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissed it for failing to state a claim upon which relief may be granted. (Docs. 17, 18.) Specifically, the court found that a claim under Section 1983 could not be raised against a Pennsylvania Department of Corrections facility as a defendant. (Doc. 17.) The court granted Plaintiff leave to file a second amended complaint. (Doc. 18.)

The court received and docketed Plaintiff's second amended complaint on March 17, 2025. (Doc. 23.) It again attempts to raise a Fourteenth Amendment claim against SCI-Smithfield as the sole Defendant. (*Id*.) The court will now screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Smithfield, located in Huntingdon County, Pennsylvania, which is in this district. *See* 28 U.S.C. § 118(b).

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an in forma pauperis case "at any time if the court determines that . . . the action . . . fails to 2 state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551

U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Moreover, it is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 25–27 (1997).  Similarly, neither a prison nor a department within a prison is a person subject to suit under § 1983. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir, 1973).  SCI-Smithfield is not a person within the meaning of 42 U.S.C. § 1983.  Since SCI-Smithfield is the sole defendant named in the amended complaint, it will be dismissed for failure to state a claim on which relief can be granted.

## CONCLUSION

Plaintiff's second amended complaint fails to state a claim on which relief may be granted. Consequently, his second amended complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). While the Third Circuit has found that a self-represented plaintiff may be granted leave to file an amended complaint even when he does not seek leave to amend, *Phillips*, 515 F.3d at 245, the court will not grant further leave for Plaintiff to file a third amended complaint. Plaintiff's amended complaint was dismissed for the same defect – naming SCI-Smithfield as the defendant. (Docs. 17, 18.) The court granted him an opportunity to cure this defect, and Plaintiff filed a nearly identical second amended complaint. Therefore, the court concludes any further amendments to the complaint would be futile and will dismiss the complaint with prejudice.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 10, 2025