# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK NICHOLAS, | : | Civil No. 1:24-CV-01769 |
| Plaintiff, | : | |
| v. | : | |
| TAMMY GIOLA, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the court is Plaintiff Patrick Nicholas' July 26, 2025 letter inquiring about the status of his claims against Defendants Tammy Giola and Prince. (Doc. 38.) The court recognizes that Plaintiff is not represented by legal counsel and may be unfamiliar with the Federal Rules of Civil Procedure. Therefore, the court will liberally construe the letter as a motion to reopen the action, and then deny the motion while providing some Plaintiff an explanation as to the status of the claims he seeks to pursue.

### BACKGROUND

On October 10, 2024, the court received and docketed Plaintiff's complaint. (Doc. 2.) The complaint named three defendants: (1) Tammy Giola, MSN, RN, CHCA; (2) Dr. Prince, Doctor; and (3) SCI-Smithfield. (Doc. 2, pp. 3–4.)[1] On October 18, 2024, Plaintiff filed a motion to amend the complaint. (Doc. 8.) The

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

1

court granted Plaintiff's motion on December 4, 2024.  (Doc. 13.)  Plaintiff then filed the amended complaint on December 20, 2024 naming SCI-Smithfield as the sole Defendant.  (Doc. 15.)  The court screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed it for failing to state a claim upon which relief may be granted.  (Docs. 17, 18.)  Specifically, the court found that a claim under Section 1983 could not be raised against a Pennsylvania Department of Corrections facility as a defendant.  (Doc. 17.)  The court granted Plaintiff leave to file a second amended complaint.  (Doc. 18.)

The court received and docketed Plaintiff's second amended complaint on March 17, 2025.  (Doc. 23.)  It again attempted to raise a Fourteenth Amendment claim against SCI-Smithfield as the sole defendant.  (*Id.*)  On June 10, 2025, the court screened the second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and again dismissed it for naming SCI-Smithfield as the sole defendant.  (Docs. 29, 30.)  This dismissal was with prejudice.  (*Id.*)

## DISCUSSION

In Plaintiff's July 26, 2025 letter, he inquires about his complaint filed against Defendants Giola and Prince.  (Doc. 38.)  He appears to believe that he has two separate pending complaints and only the complaint against SCI-Smithfield has been dismissed.  (*Id.*)  Reviewing the timeline of complaints, the court notes that the original complaint named SCI-Smithfield, Giola, and Prince as defendants.

2

(Doc. 1.)  This complaint was then replaced by the amended complaint, which named only SCI-Smithfield as a defendant.  (Doc. 15.)  When the amended complaint was dismissed without prejudice, Plaintiff then filed the second amended complaint, which named only SCI-Smithfield as a defendant.  (Doc. 23.)  This was dismissed by the court with prejudice.  (Doc. 30.)[2]

"In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity."  *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019).  "Thus, the most recently filed amended complaint becomes the operative pleading."  *Id.*  Furthermore, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings."  *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*).  This means that any filing seeking to amend a complaint must name all of the defendants, list all claims against those defendants, and include all factual allegations in that pleading, rather than referring back to the initial complaint.  *See Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted*, No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012) ("[A]s a practical matter, the filing of amended . . . complaints

---

[2] The court's June 10, 2025 order dismissing the second amended complaint references the complaint as Doc. 15.  (Doc. 30.)  This was an error.  The order will be amended to reflect this dismissal of Doc. 23.

3

effectively constitutes an abandonment of any prior complaints filed by a plaintiff.").

The court is not authorized to permit piecemeal amendment or gradual supplementation of the operative pleading over time. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotations omitted)). Therefore, when Plaintiff voluntarily amended his complaint in December of 2024, he voluntarily dismissed the claims against Defendants Giola and Prince. Because these claims have been dismissed since December of 2024, Plaintiff's letter, which the court construes as a motion to reopen the case, is denied.

## CONCLUSION

For the above stated reasons, the court will not reopen the above captioned action at this time. However, the court will allow Plaintiff an opportunity to file a motion to reopen the case, accompanied by a brief in support of the motion and proposed third amended complaint raising claims against Defendants Giola and Prince. The court will not entertain additional claims Section 1983 against SCI-Smithfield as such claims have been dismissed with prejudice.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 4, 2025